UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**JOSEPH CARL HUGHES,**

    **Plaintiff,**

v.                                                                                                                 **Civil Action No. 4:16cv157**

**NANCY A. BERRYHILL,**[1]
**Acting Commissioner of the**
**Social Security Administration,**

    **Defendant.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Joseph Carl Hughes ("Hughes") seeks judicial review of a decision by the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Hughes, proceeding pro se, argues he is disabled, and that without SSI he is unable to afford medication for his mental health issues. This action was referred to the undersigned United States Magistrate Judge pursuant to provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure. Because Hughes' action was untimely filed, and Hughes has not articulated any basis on which to toll the limitation period, the undersigned recommends that the Complaint (ECF No. 3) be dismissed.

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is hereby substituted for Acting Commissioner Carolyn W. Colvin as the Defendant in this suit.

1

# I. PROCEDURAL AND FACTUAL BACKGROUND[2]

Hughes applied for SSI on October 1, 2011, alleging a disability onset date of April 14, 2009. See Disability Adjudication and Review Decision (ECF No. 9-1, at 8). Hughes claims were denied initially and upon reconsideration. Id. He requested and received a hearing in front of an Administrative Law Judge ("ALJ"), which was held on January 8, 2015. Id. The ALJ issued an unfavorable decision on February 6, 2015, finding that Hughes did not qualify for SSI because he was not disabled under the relevant provisions of the Social Security Act. Id. (ECF No. 9-1, at 5). Hughes appealed the decision, and the Appeals Council denied his appeal on June 4, 2016, making the ALJ's ruling the Commissioner's final decision. Notice of Appeals Council Action (ECF No. 9-1, at 21); see 20 C.F.R. §§ 404.981, 416.1481.

The Appeals Council Notice informed Hughes of his right to appeal the decision by filing a civil action, the process for filing such an action, and that he had sixty (60) days from the receipt of the Notice to do so.[3] Hughes apparently sent a letter – dated July 31, 2016 - to the Social Security Administration District Office in Newport News, Virginia expressing his desire to appeal the Appeals Council's decision. See Hughes July 31, 2016 Correspondence (ECF No. 3-1). The letter was stamped as received on August 15, 2016. Id. Additional correspondence dated September 5, 2016, was attached to Hughes' Complaint in this court. That correspondence

---

[2] No administrative record was filed in this case. However, the Commissioner did submit a Declaration of Cristina Prelle, Acting Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations for the Social Security Administration's Office of Disability Adjudication. See (ECF No. 9-1). Attached to the Declaration is a copy of the Administrative Law Judge's Decision and the Social Security Administration's correspondence to Mr. Hughes regarding his claim. Id. In the absence of a complete administrative record, the court relies on the Commissioner's exhibits for the factual and procedural background of the case. Because these documents would otherwise be part of the record of the case and both parties have had an opportunity to respond to them, the court will consider them without converting the Commissioner's motion to one for summary judgment. See Silverman v. Town of Blackstone, Va., 843 F. Supp. 2d 628, 631 (E.D. Va. 2012).

[3] The Notice also informed Hughes that he was presumed to have received the Appeals Council's decision five (5) days after it was sent, unless Hughes could show that he did not receive it in that time. See Notice of Appeals Council Action (ECF No. 9-1, at 22). Hughes has not argued that he did not receive the Notice.

also stated that he would like to file a civil action, but it is unclear who the letter was sent to or if it was ever received. See Hughes Sept. 5, 2016 Correspondence (ECF No. 3-2). Despite these letters, Hughes did not file a civil action in this court until October 18, 2016, over 120 days from the date he received notice of the denial. See Compl. (ECF No. 3).

On December 23, 2016, the Commissioner filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, along with a supporting brief and exhibits alleging Hughes failed to timely file his Complaint and that there are no circumstances warranting the application of equitable tolling. (ECF Nos. 8, 9). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), Hughes was advised of his right to file opposing affidavits, statements, exhibits, and legal memoranda, as well as the possible consequences of failing to oppose the Commissioner's filings. (ECF No. 10). Hughes failed to timely respond to the Commissioner's motion, and an Order to Show Cause was entered on January 20, 2017, instructing him to file a response within twenty-one (21) days. (ECF No. 12). Hughes filed a response on February 14, 2017. (ECF No. 13).

## II. ANALYSIS

The Commissioner argues that this case should be dismissed because Hughes failed to file his civil action appealing the Appeals Council decision within the sixty-day limitations period. Hughes does not dispute that his action was untimely, and he did not present any argument for excusing the default. Accordingly, because the civil action was untimely, the undersigned recommends that the Commissioner's motion be granted, and Hughes' Complaint dismissed.

Section 405(g) of Title 42 of the United States Code provides that

[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in

> controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Under Social Security regulations, the sixty-day statute of limitations begins to run when the claimant receives notice, which is presumed to be five days after the notice is mailed. See 20 C.F.R. § 422.210(c). This sixty-day limitations period is not jurisdictional, but as "a condition on the waiver of sovereign immunity, . . . [it] must be strictly construed." Bowen v. City of New York, 476 U.S. 467, 479 (1986). It is also subject to equitable tolling, but tolling the limitations period "will rarely be appropriate." Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir. 1986). Generally, a plaintiff seeking equitable tolling must show: (1) that he pursued his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Shellman v. Colvin, 2:14cv382, 2015 WL 731631 *1, *5 (E.D. Va. Feb. 18, 2015).

In this case, the Appeals Council issued its decision on June 4, 2016. See Notice of Appeals Council Action (ECF No. 9-1, at 21). Hughes presumptively received notice on June 9, 2016, and had until August 8, 2016, to timely file his civil action. See id.; 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). Because his civil action was not filed until October 18, 2016 – 71 days after the limitations period expired – it was untimely.

Hughes does not argue that he is entitled to equitable tolling of the sixty-day limitations period. Nonetheless, the court is cognizant of the challenges a pro se plaintiff may face navigating the law and procedures of the Social Security Act. And some courts have allowed equitable tolling where a pro se plaintiff timely pursued their right to appeal, but filed their pleadings in the wrong venue. See, e.g., Bush v. Comm'r of Soc. Sec. Admin., No. 1:14-4917, 2015 WL 5916217 *1, *2 (D.S.C. Oct. 8, 2015) (citing Burnett v. New York Cent. R. Co., 380

U.S. 424, 427-28 (1965); Herb v. Pitcairn, 325 U.S. 77, 78 (1945)). But this is not such a case. Indeed, while one of Hughes' letters seeking appeal is timely dated, it would not have been timely filed even if sent to this court. See Hughes July 31, 2016 Correspondence (ECF No. 3-1). Without any argument showing why, despite his diligent efforts, Hughes was unable to comply with the time limitations, this is not one of the rare circumstances in which equitable tolling is appropriate.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the district court GRANT the Commissioner's Motion to Dismiss (ECF No. 9) and DISMISS the Complaint (ECF No. 3).

## VI. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court

based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia
May 9, 2016

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**Joseph C. Hughes**
4721 Rochester Court
Newport News, Virginia 23607

and an electronic copy was provided to:

**Daniel P. Shean**
Assistant United States Attorney
United States Attorney's Office
101 W. Main Street, Suite 8000
Norfolk, Virginia 23510

Fernando Galindo, Clerk

By_____
　　　　　　　　　Deputy Clerk

_____, 2017